J-A22004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUGLASS EARL HOWARD, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORA F. BLAIR | : | No. 1455 MDA 2020 |

Appeal from the Judgment Entered December 31, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2015-CV-08020-CV

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED: OCTOBER 13, 2021**

Douglass Earl Howard, Jr. appeals *pro se* from the judgment entered against him and in favor of Appellee Nora F. Blair.  We dismiss this appeal.

Mr. Howard filed an action against Ms. Blair, an attorney, which proceeded to a non-jury trial on September 28, 2020, on counts of breach of contract and legal malpractice.  Specifically, Mr. Howard contended that he provided $500 to retain Attorney Blair at the rate of $225 per hour to undertake specific actions in connection with an intra-family dispute regarding his mother's estate, and that she "failed to perform her initially instructed duty and was generally negligent in how she handled the issue."  Concise Statement, 11/30/20, at 2.  Mr. Howard attempted to prove his claims primarily through his testimony and that of his paramour; he did not offer an

expert witness to establish what standard of care Attorney Blair breached. Attorney Blair testified in her defense.

At the appropriate times during trial, Attorney Blair moved for a compulsory nonsuit and a directed verdict. The trial court took the matter under advisement, and ultimately concluded that Attorney Blair was entitled to a directed verdict. In a memorandum opinion, the court explained that Mr. Howard's own testimony established that:

> the essential terms of the contract were for [Attorney Blair] to contact [Mr. Howard's sister] to see if there was a way to settle the [e]state matter without having to resort to litigation. If it appeared that litigation was inevitable, [Attorney Blair] was to contact [Mr. Howard] first and discuss the potential cost of litigation so that [Mr. Howard] could make a decision how to proceed.

Memorandum Opinion 10/5/20, at 4. The trial court opined that Mr. Howard's claim for breach of contract failed because no reasonable minds could disagree that the evidence demonstrated that Attorney Blair contacted counsel for Mr. Howard's sister, performed more than $500 worth of work, contacted Mr. Howard to explain the additional work necessary and to ask for an additional retainer of $1,500, and that Mr. Howard never paid any additional money to Attorney Howard. *Id*.

As for Mr. Howard's malpractice claim, the trial court concluded that it was "unclear how [Attorney Howard] allegedly failed to exercise ordinary skill and duties in performing her duties on behalf of [Mr. Howard]." *Id*. at 3. Therefore, expert testimony was required to explain how Attorney Blair failed

to exercise ordinary skill in the work that she performed, and Mr. Howard's failure to offer an expert was fatal to his claim. *Id*.

Mr. Howard filed a post-trial motion for reconsideration, purporting to offer therein "the core reasons, though not the sole basis, for an appeal if needed." Motion for Reconsideration, 10/8/20, at 2. The reasons Mr. Howard offered were that he did "not agree with the court regarding the need for an expert witness," and that the trial evidence did not support the trial court's determination that Attorney Blair performed her contractual duties. *Id*. at 1-2. The trial court promptly denied Mr. Howard's motion.

Mr. Howard filed a notice of appeal. This Court directed him to file a praecipe in the lower court to have judgment entered upon the trial court's verdict. Mr. Howard complied, resulting in the entry of judgment on December 31, 2020. Both Mr. Howard and the trial court complied with Pa.R.A.P. 1925. In his concise statement, Mr. Howard did not reiterate any issue contained in his post-trial motion, but rather raised challenges to pre-trial rulings, suggested that the trial court was biased and made incorrect credibility determinations, and generically cited "[i]ssues raised at and during the trial[.]" Concise Statement, 11/30/20, at 2.

In this Court, Attorney Blair filed an application to quash this appeal on the bases that Mr. Howard had waived the issues argued in his appellate brief and that his brief failed to conform with a host of the Rules of Appellate Procedure. Mr. Howard filed a response in which he inappropriately invoked

judicial notice, cited his status as a *pro se* litigant as cause for leniency, and denied that he had failed to preserve his issues or to substantially comply with the rules. This Court denied Attorney Blair's motion without prejudice for her to re-raise the issues in her brief, which she has done.

The case was listed for oral argument before this panel to take place on October 13, 2021. Mr. Howard filed a motion to attend argument remotely based upon risk of severe COVID-19 illness, and counsel for Attorney Blair sought a continuance based upon prepaid travel arrangements. Addressing both concerns, this Court scheduled the instant case for remote oral argument to take place on October 26, 2021. However, upon examination of the parties' briefs, we conclude that oral argument is unnecessary.

It is well-settled that,

[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

***Smithson v. Columbia Gas of PA/ NiSource***, \_\_\_ A.3d \_\_\_, 2021 WL 3483301 at \*4 (Pa.Super. Aug. 9, 2021) (cleaned up).

Mr. Howard's brief opens with a demand that this Court take judicial notice of federal cases concerning pleading requirements. ***See*** Appellant's brief at 1-2. Except for subsequent cites to the Rules of Professional Conduct, the brief is otherwise devoid of citations to authorities as is required by

Pa.R.A.P. 2119(b). For example, Mr. Howard's statement of jurisdiction presents no statutory basis for our exercise of jurisdiction, but rather indicates that "[t]he Superior Court Middle District holds jurisdiction over the trial court and is therefore the proper venue for this appeal from the Court of Common Pleas, Dauphin County. Appellant demands proof otherwise." Appellant's brief at 2. Mr. Howard offers a statement of the scope and standard of review that discusses not whether he presents questions of law which we review *de novo* or those implicating the trial court's discretion, but rather his personal beliefs about what our review should include. **See** Appellant's brief at 3-4 (providing, *inter alia*, that our standard of review "should include questioning at oral arguments to clarify the briefs in contrasts with the pleadings before the lower court").

The statement of the case Mr. Howard offers does not conform with the requirements of Pa.R.A.P. 2117, most notably lacking any references to where the proffered facts are substantiated in the record or indications where he raised and preserved the issues he argues in this Court.[1] **Compare** Appellant's brief at 11-14, **with** Pa.R.A.P. 2117(a)(4), (c). Mr. Howard's brief supplies a statement of fourteen questions presented, but the argument section is not divided into separate corresponding sections as is mandated by

---

[1] Indeed, as Attorney Blair observed, it appears unlikely that Mr. Howard preserved any issues for appellate review, as there appears to be no issue that was raised in his post-trial motion, in his Pa.R.A.P. 1925(b) statement, **and** in his statement of questions presented. **See** Appellee's brief at 27-28.

- 5 -

Pa.R.A.P. 2119(a). Instead, Mr. Howard offers a one-paragraph account of his grievances with Attorney Blair and the trial court with no indication of how the law provides a remedy for his complaints. **See** Appellant's brief at 15-17.

This Court cautioned Mr. Howard in his prior appeal that his status as a *pro se* litigant did not absolve him of the duty to comply with the Rules of Appellate Procedure and that a failure to cite pertinent legal authority could result in waiver of all his claims.[2] **See Howard v. Blair**, 185 A.3d 1122 (Pa.Super. 2018) (unpublished memorandum at 5 n.1.). In that appeal, we nonetheless elected to determine the legal issue of whether Mr. Howard's complaint stated a cognizable cause of action, particularly in the face of no objection to the briefing defects from Attorney Blair. **Id**. However, in the instant appeal, Attorney Blair has objected, and most importantly the briefing defects are so substantial that this Court would effectively have to act as Mr. Howard's counsel to provide meaningful review. **See Smithson**, **supra** at *4 (dismissing appeal where disregard for appellate rules left this Court unable to conduct effective review, citing the prohibition against acting as counsel for a *pro se* appellant). Accordingly, we dismiss this appeal without considering

---

[2] In his reply brief, Mr. Howard asks us to take judicial notice "that case law is an option and not a necessity for a pleading unless the court itself specifies supporting case law is needed and demands such directly." Appellant's Reply Brief at 8. Mr. Howard's contention evinces a lack of understanding of judicial notice, the difference between pleadings and appellate briefs, or the inapplicability of federal procedural rules and decisions on the Pennsylvania courts.

its merits. ***See id***.; Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed. Remote oral argument scheduled for October 26, 2021, is cancelled.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2021